# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**CHRISTOPHER GREGG THOMAS**,<br><br>Debtor. | Case No. **19-60287-7** |
| **CLIFTON BO CLEVELAND ABBOTT, CLIFTON CLEVELAND ABBOTT, W. SCOTT ABBOTT and JILL ABBOTT,**<br><br>Plaintiffs.<br><br>-vs-<br><br>**CHRISTOPHER GREGG THOMAS,**<br><br>Defendant. | Adv. No. **19-00034-BPH** |

# ORDER

At Butte in said District this 9th day of January, 2020.

Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on April 4, 2019. Plaintiffs filed their Complaint in this adversary proceeding on October 25, 2019, averring three claims for relief under § 523(a), namely § 523(a)(2)(A), § 523(a)(2)(B) and § 523(a)(4). Defendant responded on December 5, 2019, with a Motion to Dismiss Counts II and III of Plaintiffs' Adversary Complaint ("Motion"). ECF No. 10. Subsequently, the parties filed on December 19, 2019, a stipulation to dismiss Plaintiffs' § 523(a)(2)(B) claim, Count II, without prejudice. ECF No. 13. The parties also filed on December 30, 2019, a Stipulation to Vacate Hearing on Defendant's Motion to Dismiss Counts II and III of Plaintiffs' Adversary

Complaint, requesting that the Court decide Defendant's Motion without a hearing, unless the Court deems a hearing necessary.  The Court approved the Stipulation and vacated the hearing scheduled for February 5, 2020.

In Count III of the Complaint, Plaintiffs request that the Court find that the amount of Defendant's debts to Plaintiffs, including prejudgment and post-judgment interest, attorneys' fees and costs, should be excepted from Debtor's discharge pursuant to 11 U.S.C. § 523(a)(4).  More specifically, Count III of Plaintiff's Complaint includes two claims, one for fraud while acting in a fiduciary capacity and the other for embezzlement.

Defendant requests that the Court dismiss Plaintiffs' § 523(a)(4) claim pursuant to Fed.R.Civ.P. 12(b)(6), 8(a) and 9(b).  In addressing a Rule 12(b)(6) challenge, the Court accepts all nonconclusory factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009)), and construes the pleading in the light most favorable to the nonmoving party.  *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).  "[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."  *Schneider v. California Department of Corrections*, 151 F.3d 1194, 1196 (9th Cir. 1998) (quoting *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)).  To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 378, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570.)  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully. *Id*.

Following the Supreme Court's decision in *Iqbal*, the Ninth Circuit explained:

> [W]e begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. We disregard threadbare recitals of elements of a cause of action, supported by mere conclusory statements. After eliminating such unsupported legal conclusions, we identify well-pleaded factual allegations, which we assume to be true, and then determine whether they plausibly give rise to an entitlement to relief. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face; that is, plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> [*Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010)] (citations, alterations and internal quotation marks omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

*Alvarez v. Chevron Corp.*, 656 F.3d 925, 930-31 (9th Cir. 2011) (quoting *Telesaurus*).

Later in *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014), quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), the Ninth Circuit settled on a two-step process for evaluating pleadings:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

With regard to a fiduciary relationship, the Bankruptcy Appellate Panel of Ninth Circuit Court of Appeals recently explained:

> We have adopted a narrow definition of "fiduciary" for purposes of § 523(a)(4). Under such definition, the broad, general definition of fiduciary—a relationship involving confidence, trust and good faith—is inapplicable. As the pre-eminent bankruptcy treatise explains, "[f]or purposes of section 523(a)(4), the definition of 'fiduciary' is narrowly construed, meaning that the applicable

>nonbankruptcy law that creates a fiduciary relationship must clearly outline the fiduciary duties and identify the trust property." 4 Collier on Bankruptcy, ¶ 523.10 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).
>
>While we may consult state law ... when interpreting whether an individual is a "fiduciary" under Section 523(a)(4), we ultimately are interpreting a federal statute, and the issue presented is one of federal law. Thus, the mere fact that state law places two parties in a relationship that may have some of the characteristics of a fiduciary relationship does not necessarily mean that the relationship is a fiduciary relationship under 11 U.S.C. § 523(a)(4). Indeed, if applicable nonbankruptcy law does not clearly and expressly impose trust-like obligations on a party, courts will not assume that such duties exist and will not find that there was a fiduciary relationship.
>
>Further, the fiduciary relationship must be one arising from an express or technical trust that was imposed before and without reference to the wrongdoing that caused the debt. Thus, Section 523(a)(4) applies only to a debt created by a person who was already a fiduciary when the debt was created.

*In re Adams*, 2019 WL 3546419, at *7 (9th Cir. BAP 2019) (quoting *Double Bogey, L.P. v. Enea*, 794 F.3d 1047, 1050–51 (9th Cir. 2015)).

To prevail on a claim for embezzlement under § 523(a)(4), a plaintiff must prove three elements: (1) property rightfully in the possession of a nonowner; (2) the nonowner's appropriation of the property to a use other than which it was entrusted; and (3) circumstances indicating fraud. *Transamerica Comm. Fin. Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 555 (9th Cir. 1991).

Applying the two-step process articulated by the Ninth Circuit in *Levitt*, 765 at 1135, and construing all nonconclusory factual allegations as true, the Court finds that Plaintiffs' § 523(a)(4) claim is sufficiently pled to meet the requirements of Rules 12(b)(6), 8(a) and 9(b). The general allegations of the entire Complaint, and not just the five paragraphs of Count III, contain factual details, which if true, are sufficient to state a claim that is plausible under §

523(a)(4). At a minimum, the Plaintiffs aver sufficient facts in their Complaint to support a claim of embezzlement.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Count III of Plaintiffs' Adversary Complaint filed at ECF No. 10 is denied.

IT IS FURTHER ORDERED that Defendant shall have through January 23, 2020, to answer Plaintiffs' Complaint.

IT IS FURTHER ORDERED that a Pretrial scheduling conference shall be held telephonically on **Wednesday, January 29, 2020, at 10:30 a.m.** To participate in the telephonic conference, the parties shall, on the aforementioned date and time, dial into the Court's telephonic conferencing system at 858-812-0972; the Numeric Access Code for the conference is 3000000# followed by 3100566#.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana